J. F. RIVIÈRE *v.* J. McCORMICK.

Where an instruction to the jury was asked for, which might have been understood by the jury as intimating the opinion of the Judge upon the facts of the case—*Held:* That such instruction was properly refused; that the instructions of the Judge to the jury should be embodied in a form to avoid instructing the jury upon the facts.

APPEAL from the District Court of the Parish of Lafourche, *Roman,* J.
Beatty & Bush, for plaintiff. *C. Belcher,* for defendant and appellant.

BUCHANAN, J. The question involved in this case, is the right to a note for six hundred dollars, made in favor of a person deceased, of whom plaintiff is administrator. The note is in possession of the defendant, who pleads that it was transferred to him for a valuable consideration by the deceased.

The issue was tried by a jury, who found for the plaintiff.

The case turned in a great measure upon the credit to be attached to the testimony of witnesses examined for defendant. Those witnesses were seen and heard by the jury, and were probably known to them, being residents of the same parish. An inspection of the record has not convinced us that the jury has done injustice by their verdict.

A bill of exceptions was taken by the counsel of defendant to the refusal of the District Judge to charge the jury, that the possession of the note by defendant was a circumstance which might be considered by the jury as corroborating the testimony of the witness offered to prove the transfer, under the Article 2257 of the Code. The Judge charged that the fact of possession might be considered and weighed by the jury together with the other circumstances and the evidence of the case. There was no error in this ruling. It is the duty of the Judge to avoid instructing the jury upon the facts, and the form in which the Judge embodied his instruction conveyed the proper idea to the jury. The instruction asked and refused might have been understood by the jury as intimating an opinion of the Judge upon the facts of the case, and thus have produced an illegal effect.

Judgment affirmed, with costs.